UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**FREIDA DARLENE JOHNSON**                                                                                   **PLAINTIFF**

v.                                                            **CIVIL ACTION NO. 4:22-CV-P134-JHM**

**ATTORNEY GENERAL DANIEL CAMERON et al.**                                    **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Freida Johnson's *pro se* complaint (DN 1) pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the action will be dismissed.

### I. STATEMENT OF CLAIMS

*Pro se* Plaintiff Freida Darlene Johnson, a pretrial detainee at the Daviess County Detention Center (DCDC), names as Defendants Kentucky Attorney General Daniel Cameron, the City of Owensboro City Attorney Mark Phifer, Owensboro Police Department (OPD) Chief Art Elumn, Owensboro Mayor Tom Watson, and Governor Andy Beshear.  All Defendants are sued in their individual and official capacities.

Many of Plaintiff's allegations involve the nature of the criminal charges brought against the two white people, who Plaintiff states are "white supremacists," who hit and killed her 14-year old son with their car in 2006.  Plaintiff states that she has been targeted since June 25, 2018, when she began her investigation into her son's death, by the Commonwealth of Kentucky for pursuing justice.  Plaintiff cites to the Eighth, Thirteenth, and Fourteenth Amendments alleging that she has been charged and convicted on multiple charges by the OPD since beginning her investigation.

Plaintiff also claims that since she began her investigation, the police have "used" Albert Lee Shaw to "harass" her, by which she appears to be referring to charges brought against her in several 2019 state court criminal cases.[1] She alleges that she is in jail on "false charges" and excessive bail due to the "good ole boy system," alleging that Defendant Phifer "clearly stated the good ole boy system doesn't need a weapon or a victim to charge you and they did and 'I'm not guilty.'" She further asserts, "Governor Andy Beshear clearly is supporting (white sup[remacy])[.] [I]f not my son[s'] cold case would be reopened and I wouldn't be in hail on false charges[.]"

As relief, Plaintiff asks for damages and injunctive relief of "stop harassment by police."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[1] In a prior case in this Court, *Johnson v. Burlew*, 4:19-cv-23-JHM, Plaintiff explained that Albert Shaw was her fiancé whom she was charged with assaulting in 2019.

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### *A. Eighth Amendment*

The Eighth Amendment has no application here because Plaintiff is a pretrial detainee. The Eighth Amendment's guarantee against cruel and unusual punishment applies to convicted prisoners, while it is the Fourteenth Amendment's Due Process Clause that guarantees the rights of pretrial detainees to be free from punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Court will dismiss Plaintiff's claims under the Eighth Amendment for failure to state a claim upon which relief may be granted.

#### *B. Thirteenth Amendment*

The Thirteenth Amendment is wholly inapplicable to the facts alleged in the complaint. *See United States v. Kozminski*, 487 U.S. 931, 942 (1988) ("The Thirteenth Amendment declares that '[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the

3

party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.'"). The intent of the Thirteenth Amendment is to "prohibit compulsion through physical coercion." *Id.* at 942. Plaintiff does not offer any allegations that would support a Thirteenth Amendment claim. Consequently, Plaintiff's claim under the Thirteenth Amendment will be dismissed for failure to state a claim upon which relief may be granted.

### C. Fourteenth Amendment claims

Reading the complaint liberally, the Court considers Plaintiff to be alleging claims related to her son's death and alleging that she is being maliciously prosecuted for seeking justice for her son's death and because of the "good ole boy system" including Governor Beshear's alleged support for white supremacy.

*1. Claims related to son's death*

Plaintiff's claims related to her son's 2006 death must be dismissed as barred by the statute of limitations. The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. at 215. Such is the case for all of

4

Plaintiff's claims arising out of her son's death.  Thus, her claims related to her son's death and the subsequent criminal investigation and conviction of two white people for his death are time-barred.

*2. Malicious-prosecution claims*

Plaintiff alleges, "I'm not guilt[y] of these charges 19-CR-00231  19-CR-00523  19-CR-00521[.]  These are trumped up charges by Owensboro Police Department and Albert Shaw. Plaintiff also alleges that she has been "charged and convicted on multiple charges by the [OPD]" since she began her investigation into her son's death and that were it not for the "good ole boy system" and support for white supremacists she would not have been falsely charged.

Plaintiff's malicious-prosecution claims have not accrued and will not accrue unless or until the charges against her are terminated in her favor.  *See Wallace v. Kato*; *Heck v. Humphrey*, 512 U.S. 477, 484, 489-490 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); *Rainey v. Kentucky*, No. 3:19-CV-P835-DJH, 2021 WL 136415, at *2 (W.D. Ky. Jan. 13, 2021) ("A malicious-prosecution claim accrues when the criminal proceedings are terminated in the criminal-defendant's favor.") (citing *King v. Harwood*, 852 F.3d 568, 578-79 (6th Cir. 2017); *McKenzie v. Day*, No. 3:19-CV-287, 2019 WL 4228369, at *2 (E.D. Tenn. Sept. 4, 2019) ("A claim under § 1983 for malicious prosecution accrues when the underlying criminal proceeding is terminated in Plaintiff's favor.") (citing *McCune v. Cnty. of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988).  As such, it appears that the statute of limitations is not at issue regarding these claims since they have not yet accrued.  Therefore, the Court will dismiss these claims without prejudice to her bringing a civil action when the charges against her have been terminated in her favor.  *See Weron v. Cherry*, No. 1:08-CV-201, 2008 WL 4614335, at *4 (E.D.

Tenn. Oct. 14, 2008) ("[T]he claim for malicious prosecution will be dismissed without prejudice because it is not ripe for review and Weron is precluded from pursuing this claim at this time.") (emphasis deleted)

## IV. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss with prejudice Plaintiff's Eighth and Thirteenth Amendment claims and the time-barred claims related to her son's death for failure to state a claim, as well as dismiss her malicious-prosecution claims without prejudice.

Date: December 7, 2022

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.009